# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY R. REEVES and K.M.M., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1708 CDP |
| | ) | |
| WARREN COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Mary Reeves' motion for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, upon review of complaint, it is apparent that this Court should abstain from deciding the present action. As a result, the Court will dismiss the case, without prejudice.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

After a review of the allegations, the Court construes the present case as arising under 42 U.S.C. § 1983. In her complaint, plaintiff Mary Reeves, appears to be objecting to state child welfare authorities taking her child into custody and/or making a custody determination while she was hospitalized for alleged mental health problems. Named as defendants are: Warren County, DFS Courts, Warren County DFS Caseworkers, Franklin County DFS, the Honorable Wesley C. Dalton, and Turning Point. In her request for relief, plaintiff asks that this Court review the state court custody determination and return her child to her custody.

While the Court understands plaintiff's desire for review of the state proceedings, this Court is not the proper venue for plaintiff to seek relief from state child custody determinations. Although federal courts generally have a virtually unflagging obligation to exercise their jurisdiction in proper cases, <u>Beavers v. Arkansas State Bd. of Dental Examiners</u>, 151 F.3d 838, 840 (8th Cir.1998), federal courts may abstain or decline from deciding an issue in order to preserve traditional principles of equity, comity and federalism. <u>Id</u>.; see also <u>Atlantic Coast Line R.R. v. Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281, 296 (1970) (federal district courts may not sit in review of state court decisions); <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) (<u>Younger</u> abstention, 401 U.S. 37 (1971), applies where there is an ongoing state judicial proceeding which implicates important state interests and provides litigants an opportunity to raise constitutional challenges); <u>Charchenko v. City of Stillwater</u>, 47 F.3d 981, 983 (8th Cir.1995) (<u>Rooker-Feldman</u> doctrine precludes federal court from reviewing state court action if relief requested would effectively reverse state court decision or void its ruling.) Such discretion is particularly appropriate where the state has a strong interest and competence in dealing with the subject matter at issue, such as child custody and domestic relations matters. See <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 714-715 (1992).

Here, there is no question that the subject of plaintiff's allegations - custody determinations - are within the ambit and expertise of the state courts and that the federal courts should defer to state decision making in such areas. See Kahn v. Kahn, 21 F.3d 859, 860-861 & n. 1 (8th Cir.1994); Overman v. U.S., 563 F.2d 1287, 1292 (8th Cir.1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts."). Accordingly, the Court finds that plaintiff's attempts to seek review of the state child custody determinations are inappropriate for federal review. Therefore, to the extent that plaintiff challenges ongoing state child custody proceedings, such claims are subject to dismissal under the Younger abstention doctrine. To the extent that plaintiff seeks review of final state decisions, such claims are subject to dismissal under the Rooker-Feldman doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court is abstaining from presiding over the present action.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2008.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE